UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCO M. TORRES,

      Plaintiff,

v.                               Case No. 8:17-mc-15-T-23TGW

JOHN G. ROBERTS, JR., CHIEF,
*et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon Marco M. Torrres' submissions of two complaints dated December 15, 2016, and December 19, 2016. Due to his pattern of filing frivolous actions in this Court, it was ordered on September 10, 2008 (case no. 8:08-CV-1605-T-33MSS, Doc. 7, p. 4):

> [that] [n]o future action brought by Plaintiff Torres will be initially received for filing by the Court's Clerk. Rather, the action will be reviewed and screened by the senior Magistrate Judge in the division in which the action is sought to be filed[.] The Magistrate Judge will determine whether the action has arguable merit. In the event the senior Magistrate Judge's preliminary review results in a finding that Plaintiff's action is frivolous, that action will not be filed with the Court but instead will be returned to Plaintiff Torres. Upon such a finding, Plaintiff Torres will be subject to sanction including a monetary assessment. See In re Roy Day Litigation, 976 F.Supp. 1460 (M.D. Fla. 1995).

In accordance with this Order, in August 2016, Torres' purported amended complaint was reviewed.[1] See case no. 8:16-mc-97-TGW. Upon review, I determined that Torres' purported amended complaint was a "shotgun"-style complaint that was so muddled that it was virtually impossible to discern what Torres was alleging, beyond that he was suing each member of the United States Supreme Court because the Supreme Court denied his petition for a writ of certiorari in his previous litigation. Consequently, there was no non-frivolous basis for such a lawsuit. Notably, this Court has expressly found previous lawsuits filed by Torres against federal judges frivolous, all of which have been dismissed (case no. 8:08-CV-1605-T-33MSS, Doc. 7, pp. 1-2).

My previous Order forewarned Torres that any future attempts to file a frivolous complaint would result in the return of the complaint as well as the imposition of a monetary sanction. See case no. 8:16-mc-97-TGW, Doc. 1. Torres did not heed this warning. Thus, he again attempted to file two similar complaints (if not duplicates) to the ones he attempted to file in July 2016.

---

[1]Torres submitted a complaint on July 25, 2016, and another complaint on July 26, 2016. The complaint submitted on July 26, 2016, purported to amend the first complaint and that complaint was reviewed.

I again have reviewed the purported amended complaint.[2] Again, the purported amended complaint is an incoherent diatribe containing fifty-six counts, twenty-one conclusions, and twenty-six nonsensical examples of purported violations of the plaintiff's rights. Clearly, the document fails to comply with the Federal Rules of Civil Procedure, which directs that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation must be simple, concise, and direct." Rule 8(a)(2); (d)(1), F.R.Civ.P.

Further, no arguable merit has been discerned from this document. Thus, this "shotgun"-style complaint is so muddled that it is virtually impossible to discern what Torres is alleging, beyond that again he is suing each member of the United States Supreme Court because the Supreme Court denied his petition for a writ of certiorari in his previous litigation. This purported amended complaint, like his previous amended complaint, has no non-frivolous basis for such a lawsuit.

Because Torres has failed to follow my previous Order, I am recommending to Chief United States District Judge Steven D. Merryday the imposition of a monetary sanction for each frivolous complaint filed. Thus, F.R.C.P.

---

[2] A complaint was submitted on December 15, 2016. Another complaint was submitted on December 19, 2016, and purports to amend the first complaint. Accordingly, the amended complaint has been reviewed.

11, "permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions." See In re: Roy Day Litigation, Case NO. 95-143-MISC-J.

For these reasons, I, recommend that a sanction not less than $250.00 per frivolous complaint and in proportion to the expenditure of the public and private resources attributable to the frivolous complaint, be imposed against Marco M. Torres. I also recommend that his complaints be returned to him.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 6, 2017

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.